REGAN, Judge.
Plaintiff, Elnora J. Watson Young [1], instituted' this suit against the defendants-H. Carr and Henry Rosenblum, doing business as City Wide Contracting Company, endeavoring to recover the sum of $1,750' which she had deposited on account of a building contract, together with attorney’s, fees.
She pleaded that the contract had never-been accepted by the defendants and that they had refused to return the deposit pursuant to a request made by her after she-was informed that financing thereof was-unavailable.
Defendant Rosenblum answered and stated he was the sole owner of the business- and insisted that he had accepted the contract; he admitted that the deposit was-initially made by the plaintiff on account of the first contract, and his ultimate refusal to return the amount thereof, maintaining that two subsequent contracts had' been prepared at the plaintiff’s request and' the deposit had been applied as a credit on account of the last contract, which was breached by the plaintiff.
The defendant then reconvened for twenty per cent of the amount of the contract as liquidated damages in conformity-with the terms thereof; and alternatively, requested the rendition of a judgment for-the sum of $1,150 as actual damages incurred as a result of the breach.
From a judgment in favor of plaintiff in the amount of $1,750 on the main demand! and the dismissal of the claim in reconven *797 tion, the defendant has prosecuted this appeal.
The record reveals that the plaintiff was an elderly colored widow who owned property in Houma, Louisiana where she resided. In the fall of 1959, the defendant contracted with her to make various improvements thereon as is evidenced by three written contracts executed on October 20th, November Sth and December 12, 1959.
The first two contracts were abrogated by the mutual consent of both litigants, therefore our attention is focused only upon the contract dated December 12, 1959. It provided, among other things, for the payment of $9,410 upon the completion of the work, subject to a credit of $1750, the financing thereof was to be secured by the defendant. Several days after the plaintiff had signed the contract, she telephoned the defendant and advised him that she did not want the work performed, but instead, she wished the return of her deposit. The defendant resisted her demand, hence this suit.
Predicated on the foregoing evidence, the trial court rendered judgment in favor of the plaintiff and against the defendant for $1,750, the amount of the deposit, and in effect concluded that the plaintiff had not breached the contract.
The only question which this appeal has posed for our consideration is whether that conclusion is so erroneous and unsupported by the evidence as to warrant a reversal by us.
No useful purpose would be served by indulging in a protracted discussion of the testimony; suffice it to say that the record clearly discloses that several days after the contract was signed by both litigants, the plaintiff informed the defendant that she did not want the work performed but instead, she demanded the return of her deposit.
The record likewise reveals that in view of plaintiff’s refusal to permit the defendant to proceed with the work, he testified that he then made no effort to procure financing of the contract, which could have been easily obtained in view of the property’s value, which he estimated to be about $30,000.
We are of the opinion that the plaintiff actively breached the contract by virtue of her refusal to permit the defendant to engage in the performance thereof and by her demand for return of the deposit made thereon; therefore the defendant was not, under these circumstances, required to procure financing of the contract.
The existing law, and the jurisprudence interpretative thereof, is too well settled to require citation in support of the rationale that the law does not require the performance of a vain or futile gesture before a litigant, who is injured as a result of the breach of a contract may recover damages. Therefore, the defendant is entitled to liquidated damages in conformity with this provision [2] of the contract.
For the reasons assigned, the judgment of the lower court insofar as it awarded the plaintiff the sum of $1750 is reversed; and it is now ordered that there be judgment in favor of the defendant for $1,-882, representing twenty per cent of the amount of the contract, subject to a credit of $1750, the plaintiffs[3] to pay all costs.
Reversed and rendered.

. The plaintiff died on November 5, 1961, and her heirs have been substituted as parties plaintiff.

. “Owner agrees that in event of breach by owner of this contract, owner shall pay to contractor on demand twenty per cent of the contract price as its liquidated damages for breach.”

. See footnote 1.